*854 On Application for Rehearing.
McEnery, J.
The Attorney General and the district attorney for the parish of Orleans have filed an elaborated brief for a rehearing in this case.
The evidence as to the larceny of other pool or billiard balls was intended to prove that the defendant had a tendency to steal pool or billiard balls, and, as the brief says, to remove any doubt of his having committed the offence charged. It is stated in the brief, that without this evidence no jury would convict the defendant. Mr. Wharton says “ it would be in entire variance with the usual view of the common law if a man’s having been guilty of other offences, or having atendency to commit them, should be received as evidence to rebut the . presumption of his innocence of a particular charge.” Wharton American Criminal Law, Sec. 640.
The only exception to this general rule that we are aware of prevails in the case of forgery, where the prosecutor is allowed to produce evidence of other instances of his having committed the same offence for which he is indicted.
There is a fundamental distinction between acts which may be proved to show malice or scienter, and the fact that the defendant had a tendency to commit the particular crime charged.
When the scienter or quo animo is requisite to, and constitutes an essential part of the crime with which the person is charged; and proof of such guilty knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question, testimony of such acts, conduct or declarations of the accused on trial, to establish such knowledge or intent, is competent; notwithstanding they may constitute in law a distinct crime. Id., Sec. 649. And where several felonies are so connected together as to form an entire transaction, upon an indictment, for the one the other may be proved to show the character of the transaction.
The offence charged against the defendant had no connection or relation with the other offence. They were entirely distinct and separate acts, and the first could not explain the character of the second.
Rehearing refused.